UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAUN PAUL TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-01420-SRW |
| ST. LOUIS COUNTY JAIL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Shaun Paul Taylor's application to proceed without prepayment of the required filing fees and cost. ECF No. 2. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee. As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On September 19, 2025, Plaintiff filed the instant action against St. Louis County Jail. ECF No. 1. Plaintiff states that on March 17, 2025, while he was in pretrial detention, he was housed in unit 6B inside the St. Louis County Jail. *Id*. at 5. Plaintiff alleges that, at some point, toilet water was flooding into his cell. *Id*. He states, that because the jail was low on staff, it

2

would take days for an officer to open their cell so that it could be cleaned. *Id*. Plaintiff alleges he was prescribed medication "for mildew and mold." *Id*. He also states that he fell and hurt his back. *Id*.

Plaintiff requests $500 million for his pain and suffering. *Id*. at 5. He also requests someone to help him with representation. *Id*.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action.

The sole defendant here is St. Louis County Jail. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). A jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, Plaintiff's complaint fails to state a claim against the Jail.

To the extent the Plaintiff intends to bring this case against St. Louis County, his complaint still falls short. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*,

883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can potentially assert a municipal liability claim.

Here, Plaintiff has failed to provide any facts that would establish liability under *Monell*. Plaintiff has not alleged any facts supporting the proposition that an unconstitutional policy or custom exists. He merely details that, at some point after March 17, 2025, toilet water came into his cell that was left unattended for "days." This does not indicate any unconstitutional policy or custom. A court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). Further, Plaintiff has provided no allegations or facts indicating a deliberately indifferent failure to train or supervise. Thus, Plaintiff's complaint fails to state a claim against St. Louis County.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of the required filing fees and costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of January, 2026.

                                               STEPHEN N. LIMBAUGH, JR.
                                               SENIOR UNITED STATES DISTRICT JUDGE